# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:16-cv-39-FDW

| | | |
|---|---|---|
| **JAMES ANTONIO SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **CHEROKEE COUNTY DETENTION** | ) | |
| **CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed

pursuant to 42 U.S.C. § 1983.  See 28 U.S.C. § 1915(e).  (Doc. No. 1).  Also pending before the

Court is Plaintiff's "Motion for all correspondence between the courts and pltf. be sent certified

mail to pltf. requiring his signature, and Motion for the courts to subpoena all documents pltf.

has requested that the facility has neglected to produce."  (Doc. No. 5).

## I.     BACKGROUND

Pro se Plaintiff James Antonio Smith is a pre-trial detainee currently incarcerated at the

Cherokee County Detention Center in Murphy, North Carolina.  Plaintiff filed this action on

February 18, 2016, pursuant to 42 U.S.C. § 1983.  In the Complaint, Plaintiff alleges that "staff"

at the detention center have violated his First Amendment right to exercise his religion (Islam) in

various ways.  Plaintiff has named as the sole Defendant Cherokee County Detention Center, and

he has not named any individuals as Defendants in the Complaint.  See (Doc. No. 1 at 3-4).

Plaintiff seeks compensatory damages and injunctive relief.  (Id. at 4).

## II.     STANDARD OF REVIEW

Because Plaintiff seeks to proceed in forma pauperis, the Court must review the

Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

For the following reasons, the Court will dismiss this action without prejudice. The only named Defendant in this action is the Cherokee County Detention Center. The Cherokee County Detention Center, however, is not a distinct legal entity capable of being sued, nor is it a "person" within the meaning of 42 U.S.C. § 1983. See Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 688 & n.55 (1978) (noting that, for purposes of Section 1983 action, a "person" includes individuals and "bodies politic and corporate"); FED. R. CIV. P. 17(b); see also Barnes v. Baskerville Corr. Ctr. Med. Staff, No. 3:07CV195, 2008 WL 2564779, at *1 (E.D. Va. June 25, 2008) ("Plaintiff's allegations that unspecified prison personnel violated his rights does not adequately state a § 1983 claim."). Therefore, this action must be dismissed. The dismissal will be without prejudice so that Plaintiff may refile his claim against persons or entities capable of being sued in a Section 1983 action.

## IV. CONCLUSION

For the reasons stated herein, the Court dismisses this action without prejudice.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Complaint, (Doc. No. 1), is dismissed without prejudice.

2. Plaintiff's IFP Application, (Doc. No. 2), is **GRANTED** for the limited purpose of this initial review.

3. Plaintiff's "Motion for all correspondence between the courts and pltf. be sent certified mail to pltf. requiring his signature, and Motion for the courts to subpoena all documents pltf. has requested that the facility has neglected to produce" (Doc. No. 5), is **DENIED** as moot.

Frank D. Whitney
Chief United States District Judge